1 | Joseph S. May  SBN 245924
LAW OFFICE OF JOSEPH S. MAY
2 | 22 Battery Street, Suite 810
San Francisco, CA 94111
3 | Telephone (415) 781-3333
Facsimile (415) 398-1414
4 | joseph@josephmaylaw.com

5 | Attorney for Plaintiff
ROGELIO HECHAVARRIA

6

7

**FILED**

2010 FEB -5 P 12: 16

CLERK, U.S. DISTRICT COURT
RICHARD W. WIEKING
NORTHERN DISTRICT OF CALIFORNIA

**E-filing**

8

9

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

10 | ROGELIO HECHAVARRIA,

11 |                Plaintiffs,

12 |           v.

13 | CITY AND COUNTY OF SAN
FRANCISCO; ELIAS GEORGOPOULOS;
14 | ANTONIO PARRA; JAMES LEE; and
DOES 1-50, inclusive.
15

16 |                Defendants.

CASE NO.:       **EMC**

**CV 10    525**

**COMPLAINT FOR DAMAGES**

**DEMAND FOR JURY TRIAL**

17 |       COMES NOW Plaintiff Rogelio Hechavarria and complains against Defendants City and

18 | County of San Francisco, Elias Georgopoulos, Antonio Parra, James Lee, and DOES 1-50,

19 | inclusive, and each of them, as follows:

20 |                     **INTRODUCTION**

21 |       1. This action arises out of an assault and battery committed by San Francisco Parking

22 | Control Officer Sgt. Elias Georgopoulos against Plaintiff, a civilian tow truck operator, resulting

23 | in severe and permanent injuries. Despite Plaintiff's pleas for help from the City, no action was

24 | taken to stop Sgt. Georgopoulos, whom the City knew to have an extensive history of violent and

25 | aggressive behavior. Sgt. Georgopoulos was finally able to commit the vicious attack against

26 | Plaintiff – and get away with it – by using and indeed abusing his power and authority as a

27 | ranking law enforcement official with the City of San Francisco.

28

1

1

**JURISDICTION**

2          2. This action arises under 42 U.S.C. §1983 due to the alleged deprivation of Plaintiff's

3    Constitutional rights by Defendants while acting under color of state law, and includes state law

4    causes of action based on the same factual allegations. This Court therefore has jurisdiction over

5    the entire action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

6

**INTRA-DISTRICT ASSIGNMENT**

7          3. The facts giving rise to this action all arose in the City and County of San Francisco,

8    California, making the San Francisco Division the proper assignment for this action.

9

**PARTIES**

10         4. Plaintiff Rogelio Hechavarria is, and at all times herein mentioned was an adult over

11    eighteen years of age and a resident of Alameda County, California.

12         5. Defendant City and County of San Francisco (hereafter "CCSF") is, and at all times

13    herein mentioned was a municipal entity, organized under the laws of the state of California.

14    CCSF operates, manages, directs, and/or controls the San Francisco Municipal Transportation

15    Agency (hereafter "SFMTA"), which in turn operates, manages, directs and/or controls the San

16    Francisco Department of Parking and Traffic (hereafter "DPT.") The SFMTA and/or DPT

17    employ certain Defendants sued herein.

18         6. On information and belief, Defendant Elias Georgopoulos is, and at all times herein

19    mentioned was a resident of San Mateo County, California. Defendant Georgopoulos is, and at

20    all times mentioned herein was a Senior Parking Control Officer employed by Defendant CCSF,

21    SFMTA, and/or DPT and is being sued herein both individually and in his official capacity.

22         7. Defendant Antonio Parra at all times herein mentioned was SFMTA's Director of

23    Security and Enforcement. On information and belief, Defendant Parra had oversight and

24    supervisory responsibilities over SFMTA and DPT employees, including Defendant

25    Georgopoulos, and/or authority to reprimand and/or terminate such employees. Defendant Parra

26    is being sued herein both individually and in his official capacity.

27

28

2

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1      8. Defendant James Lee is, and at all times herein mentioned was a supervisor employed

2  by DPT. On information and belief, Defendant Lee had the authority to reprimand and/or

3  terminate and/or take other remedial action in connection with the conduct of DPT employees,

4  including Defendant Georgopoulos. Defendant Lee is being sued herein both individually and in

5  his official capacity.

6      9. Defendants DOE 1 through DOE 50, inclusive, are sued herein under fictitious names.

7  Their true names and capacities are unknown to Plaintiffs. When their true names and capacities

8  are ascertained, Plaintiffs will amend this complaint by inserting their true names and capacities

9  herein. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named

10  defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiffs'

11  damages as herein alleged were proximately caused by those defendants. Each reference in this

12  complaint to "defendant," "defendants," or a specifically named defendant refers also to all

13  defendants sued under fictitious names.

14      10. Plaintiffs are informed and believe and thereon allege that at all times herein

15  mentioned each of the defendants, including all defendants sued under fictitious names, was the

16  agent and employee of each of the other defendants, and in doing the things hereinafter alleged,

17  was acting within the course and scope of such agency and employment.

18                                 **FACTUAL ALLEGATIONS**

19      11. Prior to 2008, Defendant Georgopoulos committed multiple acts of violence against

20  co-workers, subordinates, and members of the public, which acts included, *inter alia*, physical

21  assaults, threats of physical violence, and unauthorized and unjustified use of force, including use

22  of City-issued pepper spray.

23      12. Prior to 2008, Defendants CCSF, Parra, Lee, and DOES 1-50 had actual knowledge

24  of Defendant Georgopoulos's prior commission of violent and aggressive acts and/or propensity

25  to commit violence.

26      13. Beginning in or about late 2007 or early 2008, Defendant Georgopoulos, after

27  learning of a possible romantic involvement between Plaintiff and Georgopoulos's ex-wife,

28

3

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1   began threatening violence against Plaintiff.

2       14. On February 12, 2008, after multiple threats and attempted attacks against Plaintiff,

3   Sgt. Georgopoulos located Plaintiff, who was leaning into his tow truck. Georgopoulos came up

4   from behind Plaintiff and pepper sprayed him in the face and eyes, and threw him to the ground,

5   causing Plaintiff to sustain a severe fracture of his left scaphoid. Defendant Georgopoulos was

6   able to carry out the attack by virtue of his official government position, utilized City-issued

7   pepper spray in carrying out the attack, and carried out the attack under pretense of state law, and

8   based on his belief that he could carry out said attack with impunity and without retaliation or

9   reciprocation from Plaintiff due to Georgopoulos's position as a ranking law enforcement officer.

10  Despite Plaintiff's complaints to Defendant CCSF and its employees, prior to and following the

11  attack, no action was taken by CCSF or Defendants Parra or Lee to prevent Georgopoulos's

12  attack or to admonish or reprimand Georgopoulos, or remedy the damages sustained by Plaintiff

13  as a result of the attack.

14      15. As a direct and proximate result of Defendants's actions, Plaintiff sustained a

15  fractured left scaphoid and other injuries, resulting in lost wages, extreme pain and suffering, and

16  other damages compensable by law, in an amount according to proof at trial.

17                          **FIRST CAUSE OF ACTION – ASSAULT**
                              **(As to Defendant Georgopoulos)**
18
        16. Plaintiff refers to paragraphs 1-15 of this Complaint and incorporates by
19
    reference the allegations of said paragraphs as though expressly set forth at length at this point.
20
        17. In doing the things alleged above, Defendant Georgopoulos intended to cause, or to
21
    place Plaintiff in apprehension of harmful contacts with Plaintiff's person.
22
        18. As a result of Defendant Georgopoulos's acts as alleged above, Plaintiff was in fact
23
    placed in great apprehension of harmful contact with his persons.
24
        19. The aforementioned conduct of Defendant Georgopoulos was willful and malicious
25
    and was intended to oppress and cause injury to Plaintiff, entitling Plaintiff to punitive damages.
26
        20. At no time did Plaintiff consent to the acts of Georgopoulos herein alleged.
27

28
                                            4

1    21. As a direct and proximate result of Defendant Georgopoulos's conduct herein

2    alleged, Plaintiff has suffered, and continues to suffer, damages in an amount according to proof

3    at trial.

4        WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

5                        **SECOND CAUSE OF ACTION – BATTERY**
                              **(As to Defendant Georgopoulos)**

6

7    22. Plaintiff refers to paragraphs 1-21 of this Complaint and incorporates by

reference the allegations of said paragraphs as though set forth at length at this point.

8

9    23. In doing the acts alleged above, Defendant Georgopoulos acted with the intent to

make a contact with Plaintiff's person.

10

11   24. At no time did Plaintiff consent to any of the acts of Georgopoulos alleged herein.

12   25. The aforementioned conduct of Defendant Georgopoulos was willful and malicious

and was intended to oppress and cause injury to Plaintiff, entitling Plaintiff to punitive damages.

13

14   26. As a direct and proximate result of Defendant Georgopoulos's conduct herein

alleged, Plaintiff has suffered, and continues to suffer, damages in an amount according to proof

15   at trial.

16       WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

17                      **THIRD CAUSE OF ACTION –**
18          **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
                        **(As to Defendant Georgopoulos)**

19   27. Plaintiff refers to paragraphs 1-26 of this Complaint and incorporates by

20   reference the allegations of said paragraphs as though set forth at length at this point.

21   28. The conduct on the part of Defendant Georgopoulos described above was outrageous,

22   willful, malicious, and done for the purpose of causing Plaintiff to suffer humiliation, mental

23   anguish, and emotional and physical distress.

24   29. As a direct and proximate result of Defendant Georgopoulos's conduct, Plaintiff

25   suffered humiliation, mental anguish, and emotional and physical distress, and has been injured

26   in mind and body, all to Plaintiff's damage, in an amount according to proof at trial.

27

28

5

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1    30. The acts of Georgopoulos alleged above were willful, wanton, malicious, and

2  oppressive, and justify the awarding of exemplary and punitive damages.

3    WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

4    ### FOURTH CAUSE OF ACTION – 42 U.S.C. §1983
(As to All Defendants)

5
6    31. Plaintiffs refer to paragraphs 1-30 of this Complaint and incorporate by

reference the allegations of said paragraphs as though set forth at length at this point.

7
8    32. In committing the acts and omissions alleged herein, Defendants acted (or failed to

act) under color of state law to deprive Plaintiff of his Constitutional rights, including, but not
9
10   limited to the right to personal bodily integrity secured by the due process clauses of the Fifth and

Fourteenth Amendments to the United States Constitution.
11
12   33. Defendants, and each of them, acted either intentionally to deprive Plaintiff of his

Constitutional rights or with deliberate indifference and/or reckless disregard for such rights.
13
14   34. Plaintiff is informed and believes, and thereon alleges, that the acts by the individual

defendants described herein, including the acts by defendants sued herein as DOES 1-50, were
15
16   part of an agreement and/or concerted course of conduct aimed at protecting Georgopoulos and

covering up his wrongful acts, which directly and proximate led to the Constitutional
17
deprivations alleged herein.
18
19   35. Defendant CCSF had a custom and/or informal policy of failing to heed complaints

against its officers and employees, including Defendant Georgopoulos, and failing to take
20
21   appropriate measures, such as reprimanding, demoting and/or terminating its employees who

have committed repeated acts of violence and/or who have shown a propensity for violent
22
23   behavior, and failing to take action to prevent imminent attacks against civilians by officers and

employees of CCSF.
24
25   36. As a direct and proximate result of Defendants' actions alleged herein, Plaintiff has

suffered, and continues to suffer damages compensable by law, in an amount according to proof
26
at trial.
27
WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.
28

6

1                                     **PRAYER**

2        WHEREFORE, PLAINTIFF prays for judgment against Defendants, jointly and

3 severally, for all causes of action, as follows:

4       1. For general and special damages, in an amount according to proof at trial;

5       2. For punitive damages against those Defendants sued in their individual capacity;

6       3. For reasonable attorney's fees, pursuant to 42 U.S.C. §1988;

7       4. For costs of suit incurred in this action;

8       5. For such other and further relief as the Court may deem just and proper.

9

10                             **DEMAND FOR JURY TRIAL**

11       Plaintiff Rogelio Hechavarria, pursuant to FRCP 38, hereby demands a jury trial of this

12 matter and requests that the Clerk of this Court designate this matter as a jury trial, pursuant to

13 FRCP 39(a).

14

15 DATED: February 5, 2010               LAW OFFICE OF JOSEPH S. MAY

18                                         JOSEPH S. MAY, Attorney for Plaintiff

19                                         ROGELIO HECHAVARRIA

7