United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO HECHAVARRIA, | No. C-10-00525 CRB (DMR) |
| Plaintiff, | **ORDER DENYING DEFENDANTS' REQUEST FOR REDACTIONS** |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, | |
| Defendants. | |
| _____/ | |

On September 8, 2010, Defendants filed a motion for sanctions against Plaintiff's counsel, alleging that he had violated a protective order. *See* Docket No. 70. This Court denied the motion on November 30, 2010. *See* Docket No. 98. At the November 30, 2010 hearing on Defendants' motion for sanctions, Defendants requested for the first time that the Court order certain statements redacted from the publicly-available portions of Plaintiff's opposition to Defendants' motion for summary judgment. Defendants' request was premised on the grounds that the statements refer to the substance of confidential documents produced in discovery in another case against Defendants, *Abudiab v. City and County of San Francisco, et al.*, No. C 09-1778 MHP, pursuant to a protective order that restricted the use of documents produced in that case. *See* Docket No. 98 at 10-11. The Court ordered the parties to meet and confer regarding Defendants' request. If the parties were unable to reach agreement, the Court instructed the parties to submit a joint letter to the Court

regarding any remaining disputes, including a discussion of the appropriate legal standard to apply to the request for redactions in light of the public's right to access court records. Currently before the Court is the parties' joint letter regarding Defendants' request for redactions of nine statements contained in Plaintiff's opposition to Defendants' motion for summary judgment. *See* Docket No. 116-2 (filed under seal). The Court finds this matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b).

## I. Legal Standard

Defendants seek an order compelling Plaintiff to redact portions of his publicly-available opposition to the motion for summary judgment and to re-file the offending statements under seal. The Ninth Circuit set forth the applicable standards governing requests to seal in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Where, as here, a party seeks to seal judicial records filed in connection with dispositive motions, a "compelling reasons" standard applies. This standard derives from the common law right "to inspect and copy public records and documents, including judicial records and documents." *Id*. at 1178 (citation and internal quotation marks omitted). To limit this common law right of access, a party seeking to seal judicial records must show that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Id*. (internal quotation marks and citations omitted). "[A] 'good cause' showing alone will not suffice to fulfill the 'compelling reasons' standard that a party must meet to rebut the presumption of access to dispositive pleadings and attachments."[1] *Id*. at 1180. As the court in *Kamakana* stated:

> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. . . . The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

---

[1] In contrast, a "'good cause' showing . . . will suffice to keep sealed records attached to *non-dispositive* motions." *Kamakana*, 447 F.3d at 1180 (emphasis added).

2

1 *Id*. at 1179 (citing *Nixon v. Warner Communications, Inc*., 435 U.S. 589, 598 (1978) (citation and
2 internal quotation marks omitted).

## II. Discussion

4 Here, Defendants seek the redaction of nine separate statements from Plaintiff's opposition
5 brief, only six of which were discussed by Defendants in their motion for sanctions. The statements
6 are all non-specific references in which Plaintiff's counsel generally characterized alleged prior
7 inappropriate behavior by Defendant Elias Georgopoulos.

8 Defendants argue that the statements reference information from documents produced
9 pursuant to a protective order in the *Abudiab* case; namely, Defendant Georgopoulos' personnel
10 records. Therefore, Defendants argue that a compelling reason exists to redact the statements
11 because Georgopoulos' personnel records are protected by his right to privacy.[2] Plaintiff argues that
12 redacting statements contained in an opposition to a dispositive motion is a drastic measure that is
13 not warranted given that, according to Plaintiff, the statements are based upon information Plaintiff
14 already possessed, independent of the *Abudiab* documents.

15 Defendants' argument is unavailing. As the Court noted in its November 30, 2010 Order
16 Denying Defendants' Motion for Sanctions, the statements at issue are general and lack any details
17 that raise a privacy concern:

> Upon careful examination of each of the statements at issue, the Court concludes that it is not necessary to reach the question of whether each statement was in fact based on independent sources. . . . [w]hile [Plaintiff's counsel's] statements are provocative, they do not violate the protective order. The statements are general characterizations about Georgopoulos; they are devoid of details and do not rise to the level of "information copied or extracted" from confidential documents, nor are they "copies, excerpts, summaries, or compilations thereof," as they are not citations from, or summaries of, information contained in the *Abudiab* documents.

23 Docket No. 98 at 9-10. While it may be true that Defendant Georgopoulos has a privacy interest in
24 his personnel records that justifies sealing such records, such an assertion does not lead to the
25 conclusion that *any* statements about Georgopoulos in the context of his employment, no matter how

---

[2] The Court notes that Defendants' argument in favor of redacting the statements, including the applicable "compelling reasons" standard for sealing judicial records, was not contained in the joint letter. Instead, the bulk of Defendants' argument was contained in their administrative motion to file the joint letter under seal. *See* Docket No. 114 (filed under seal).

general, justify the same protection. As the Court concluded in determining that sanctions against Plaintiff were not warranted, the statements are not "information copied or extracted" from confidential documents, nor are they "copies, excerpts, summaries, or compilations thereof." Therefore, they do not implicate the same privacy concerns as the records themselves. Further, while the general statements may be embarrassing to Mr. Georgopoulos, embarrassment alone is not a compelling reason that justifies sealing records. *See Kamakana*, 447 F.3d at 1179.

### III. Conclusion

As Defendants have failed to show that the statements at issue "have become a vehicle for improper purposes" that overcome the presumption in favor of access to dispositive pleadings, Defendants request for an order compelling Plaintiff to redact portions of his publicly-available opposition to the motion for summary judgment is DENIED.

IT IS SO ORDERED.

Dated: March 24, 2011

_____
DONNA M. RYU
United States Magistrate Judge